■ THOMAS J. SPOTA, Appellant, v ASTRA MOTORS, Also Known as ASTRA MOTORS CARS, et al., Respondents. [813 NYS2d 194]—

In a civil forfeiture action pursuant to CPLR article 13-A, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated November 10, 2004, as, upon dismissing the action, awarded the defendants statutory interest on all funds seized by the plaintiff, calculated from the date of the seizure until the date on which such funds are returned to the defendants.

Ordered that the judgment is reversed insofar as appealed from, on the law, and the decretal paragraph of the judgment awarding the defendants statutory interest on all funds seized by the plaintiff, calculated from the date of the seizure until the date on which such funds are returned to the defendants, is vacated.

The general provisions of the CPLR govern all procedures in a civil forfeiture action except those regulated by a specific and inconsistent provision contained in CPLR article 13-A (see CPLR 1350). Thus, where, as here, the Supreme Court dismisses a forfeiture action and directs the return of all attached property, the court has the discretionary authority to award predecision interest pursuant to CPLR 5001, provided that doing so would not be contrary to an inconsistent provision contained in CPLR article 13-A (cf. Hynes v Iadarola, 221 AD2d 131 [1996]).

As required by law, the funds attached here were held in interest-bearing accounts (see CPLR 1324 [1]), and the plaintiff does not dispute that the defendants are properly entitled to the interest accrued during the period of the attachment. The Supreme Court's additional award of statutory interest on those funds, however, can only be seen, in this context, as an award of "damages . . . sustained by reason of the attachment" (CPLR

1318 [4]). Pursuant to CPLR 1318 (4), the defendants would be entitled to recover such "damages" from the plaintiff only if it were "finally decided that the [plaintiff] was not entitled to an attachment of the . . . property [and] . . . the defendant . . . prove[d] by a preponderance of the evidence that in obtaining the order of attachment the [plaintiff] acted without reasonable cause and not in good faith."

CPLR 1318 (4) governs here because it is inconsistent with other relevant CPLR provisions which do not require any such showing. Because the defendants did not demonstrate in the Supreme Court by a preponderance of the evidence that, in obtaining the order of attachment, the plaintiff acted without reasonable cause and not in good faith, the award of predecision interest pursuant to CPLR 5001 (a) was improper. Crane, J.P., Spolzino, Fisher and Dillon, JJ., concur.